UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RLP VENTURES, LLC, Plaintiff, - against - HEISING-SIMONS FOUNDATION, Defendant. | 25-CV-1100 (VSB) (RWL) **REPORT AND RECOMMENDATION TO HON. VERNON S. BRODERICK: MOTION TO DISMISS (DKT. 11)** |

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On February 6, 2025, RLP Ventures, LLC ("RLP") filed this trademark infringement case against the Heising-Simons Foundation ("HSF") alleging violations of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and New York common law. HSF has moved to dismiss under Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction, 12(b)(3) for improper venue, and 12(b)(6) for failure to state a claim. For the reasons set forth below, the motion should be GRANTED due to lack of personal jurisdiction over HSF.

## Background[1]

RLP is a limited liability company domiciled in New York State. (Compl. ¶ 2.) RLP owns and operates a "commerce, social media and content entity using the registered trademark and service mark 'MOSAEC.'" (Id. ¶ 16.) RLP uses the MOSAEC mark on its website and other materials "to advance personal, educational, and career goals … for

[1] The facts are drawn from the Complaint at Dkt. 1 ("Compl."), as well as the declarations and exhibits of record. *See Wang v. Laview Eagle Eye Technology Inc.*, No. 24-CV-1822, 2025 WL 2371222, at *2 (S.D.N.Y. Aug. 14, 2025) ("In deciding a Rule 12(b)(2) motion, the district court may consider materials outside the pleadings, including affidavits and other written materials"). The declarations include the Declaration of Nate Garhart, dated September 8, 2025, at Dkt. 11-2 ("Garhart Decl."); the Declaration of Jennifer Shipp, dated September 9, 2025, at Dkt. 11-6 ("Shipp Decl."); and the Declaration of Ramona Prioleau, dated September 23, 2025, at Dkt. 15-1 ("Prioleau Decl.").

philanthropic purposes," and to sell goods and services. (*Id.*) Among other things, RLP provides information about film, filmmakers, and writers, and awards MOSAEC Journalism Awards to journalists who submit entries to the MOSAEC platform. (*Id*. ¶¶ 11.) RLP has been using the MOSAEC mark since the late 1990s. (*Id*. ¶ 17.)

Defendant HSF is a California non-profit with its principal place of business in Los Altos, California. (Shipp Decl. ¶ 4.) HSF's philanthropic efforts reach a range of fields, including early childhood education, scientific research, environmental research, public policy, human rights, and journalism. (*Id*. ¶ 12.)

HSF awards journalism prizes under the name "AMERICAN MOSAIC JOURNALISM PRIZE." (Compl. ¶ 22.) The prize is given to authors for long-form stories that feature underrepresented groups in the United States. (Shipp Decl. ¶ 7.) HSF has a website that offers information about HSF's mission as well as its journalism prize. (*Id*. ¶¶ 10-12, 14.) HSF has never bought or sold (or offered to buy or sell) any goods or services through its website. (*Id.* ¶ 17.) The website allows users to sign up for email newsletters, but it does not sell ad space or solicit donations. (*Id*. ¶¶ 17-19.) The HSF website was developed in California and is hosted by servers located in Canada. (*Id*. ¶ 16.) HSF also maintains an Instagram page, which was created in California and does not buy, sell, or advertise any goods or services. (*Id*. ¶¶ 22-24.)

HSF also makes grants to various entities in New York as well as many other states. (*See* Prioleau Decl. Ex. B.) As a family foundation, however, all funds spent by HSF come from its founders, all of whom reside in California. (Shipp Decl. ¶ 30.). HSF does not sell any goods or services and has not derived any revenue from goods or services in New York. (*Id.* ¶ 25.) Indeed, HSF sells no goods or services at all. (*Id*.)

HSF does not target any users, plan events, or advertise in New York, and does not own or use any real property in New York. (*Id.* ¶¶ 27-28.) All HSF board members reside in California. (*Id.* ¶ 31.) Although most HSF employees reside in California, one remote employee resides in New York. (*Id.* ¶ 29.) That employee has no duties that involve any New York-specific outreach, fundraising, or programmatic activity on behalf of HSF, and he is required to be in HSF's California office monthly. (*Id.*)

HSF applied for a trademark registration for "AMERICAN MOSAIC JOURNALISM PRIZE" in 2017. (Compl. ¶ 29.) RLP filed an opposition proceeding against HSF's application with the United States Trademark Trial and Appeal Board ("TTAB") in which RLP claimed that HSF's AMERICAN MOSAIC JOURNALISM PRIZE mark was likely to cause confusion with RLP's MOSAEC mark. (*Id.* ¶ 7; Garhart Decl. Ex. A.) On December 5, 2024, the TTAB issued a decision finding that RLP had failed to establish likelihood of confusion between the two marks. (Garhart Decl. Ex. B.)

On February 6, 2025, RLP initiated the instant lawsuit against HSF for trademark infringement. (Dkt. 1.) HSF filed the instant motion to dismiss on September 9, 2025 (the "Motion"). (Dkt. 11.) RLP filed its opposition to the Motion on September 23, 2025 ("Opp."). (Dkt. 15.) HSF filed a reply brief on September 30, 2025 ("Reply"). (Dkt. 16.) On May 13, 2026, the Motion was referred to me for a Report and Recommendation. (Dkt. 32.)

## Legal Standards

A court must dismiss a lawsuit if it does not have personal jurisdiction over the defendant. *See* Fed. R. Civ. P. 12(b)(2); *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("a federal court generally may

not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction"); *Commodity Futures Trading Commission v. TFS-ICAP, LLC*, 415 F. Supp.3d 371, 380 (S.D.N.Y. 2019) ("Upon motion, the Court must dismiss an action against any defendant over whom it lacks personal jurisdiction"). Although HSF has moved on multiple grounds for dismissal, the Court finds that it lacks personal jurisdiction over HSF and therefore addresses only that issue.

**A. Personal Jurisdiction Generally**

To determine personal jurisdiction questions (in the absence of consent), a court "must conduct a two-part analysis, looking first to the state's long-arm statute and then analyzing whether jurisdiction comports with federal due process."[2] *Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.*, 264 F.3d 32, 37 (2d Cir. 2001); *see also Chloe v. Queen Bee of Beverly Hills*, *LLC*, 616 F.3d 158, 163-64 (2d Cir. 2010) (describing two-step analysis for personal jurisdiction). A plaintiff bears the burden of making a prima facie showing of personal jurisdiction. *See SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 342 (2d Cir. 2018). The court "constru[es] all pleadings and affidavits in the light most favorable to the plaintiff and resolv[es] all doubts in the plaintiff's favor." *Penguin Group (USA) Inc. v. American Buddha*, 609 F.3d 30, 34 (2d Cir. 2010) ("*American Buddha I*"). But in considering plaintiff's jurisdictional allegations, the court "need not ... accept a legally conclusory assertion or draw 'argumentative inferences.'" *Daventree Ltd. v. Republic of Azerbaijan*, 349 F. Supp.2d 736, 757 (S.D.N.Y. 2004).

---

[2] "A district court's personal jurisdiction is determined by the law of the state in which the court is located." *Spiegel v. Schulmann*, 604 F.3d 72, 76 (2d Cir. 2010).

For non-New York domiciliaries like HSF, "[t]here are two ways that New York exercises personal jurisdiction ...: general jurisdiction pursuant to N.Y. C.P.L.R. § 301 or specific jurisdiction pursuant to N.Y. C.P.L.R. § 302." *Thackurdeen v. Duke University*, 130 F. Supp.3d 792, 798 (S.D.N.Y. 2015), *aff'd*, 660 F. App'x 43 (2d Cir. 2016) (summary order); *see generally Ford Motor Co. v. Montana Eighth Judicial District Court*, 592 U.S. 351, 358 (2021) (recognizing "two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction"). "General jurisdiction ... permits a court to adjudicate any cause of action against the ... defendant, wherever arising, and whoever the plaintiff." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). "Specific jurisdiction is available when the cause of action sued upon arises out of the defendant's activities in a state." *Id*. Once a plaintiff establishes personal jurisdiction under the New York statute, it must then show that exercising personal jurisdiction over the defendant aligns with the requirements of constitutional due process principles. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007).

**B. Burden Of Proof**

A "plaintiff bears the burden of establishing personal jurisdiction over the defendant." *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012). Where, as here, "the Court has not held an evidentiary hearing on this issue, Plaintiff need only make a prima facie showing of jurisdiction." *Golden Archer Investments, LLC v. Skynet Financial Systems,* No. 11-CV-3673, 2012 WL 123989, at *3 (S.D.N.Y. Jan. 3, 2012); *accord MacDermid*, 702 F.3d at 727 ("when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make

a prima facie showing"). The plaintiff's prima facie showing, however, "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013). A plaintiff must "make allegations establishing jurisdiction with some factual specificity and cannot establish jurisdiction through conclusory assertions alone." *Laufer Group International, Ltd. v. Standard Furniture Manufacturing Co.*, No. 19-CV-10885, 2020 WL 4735123, at *2 (S.D.N.Y. Aug. 14, 2020) (quoting *Continental Industries Group, Inc. v. Equate Petrochemical Co.*, 586 F. App'x 768, 769 (2d Cir. 2014)).

In ruling on a Rule 12(b)(2) motion, "the district court may consider materials outside the pleadings, including affidavits and other written materials." *Jonas v. Estate of Leven*, 116 F. Supp.3d 314, 323 (S.D.N.Y. 2015); *see also Applied Research Investments, LLC v. Lin*, No. 22-CV-7100, 2025 WL 949573, at *2 (S.D.N.Y. Mar. 28, 2025) ("On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the Court may look beyond the four corners of the complaint and consider materials outside the pleadings, including accompanying affidavits, declarations, and other written materials"). "[T]he pleadings and affidavits must be viewed in the light most favorable to the plaintiff, with all doubts resolved in its favor." *Commodity Futures Trading Commission*, 415 F. Supp.3d at 380. "However, conclusory allegations are not enough to establish personal jurisdiction." *Gmurzynska v. Hutton*, 257 F. Supp.2d 621, 625 (S.D.N.Y. 2003) (internal quotation marks omitted), *aff'd*, 355 F.3d 206 (2d Cir. 2004); *accord Yellow Page Solutions, Inc. v. Bell Atlantic Yellow Pages Co.*, No. 00-CV-5663, 2001 WL 1468168, at *3 (S.D.N.Y. Nov. 19, 2001) ("The plaintiff cannot rely merely on

conclusory statements or allegations; rather, the prima facie showing must be factually supported" (internal citations and quotation marks omitted)).

Here, HSF has submitted a declaration from its President and CEO, Jennifer Shipp. (Dkt. 11-6.) Ms. Shipp attests to facts about HSF, its activities, and its lack of contacts with New York. RLP has submitted a declaration from the founder of RLP, Ramona Prioleau, the sole function of which is to authenticate printouts from the internet. (Dkt. 15-1.)

**Discussion**

As discussed below, the Court finds that RLP has not shown a sufficient basis for personal jurisdiction over HSF under New York's long-arm statute, either general or specific.[3]

**A. No General Jurisdiction**

The Court does not have general jurisdiction over HSF, and RLP has not argued otherwise. "A federal court sitting in New York has general jurisdiction over an entity when its contacts within New York are so continuous and systematic as to render the corporation essentially at home in New York." *International Diamond Importers, Inc. v. Med Art, Inc.,* No. 15-CV-4045, 2017 WL 2839640, at *2 (S.D.N.Y. June 29, 2017); *accord Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014) ("the inquiry ... is not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and

---

[3] Because the requirements of New York's long-arm statute are not met, the Court does not proceed with an analysis of whether the constitutional requirements of due process are met. *See Girl Scouts of the United States of America v. Steir*, 102 F. App'x 217, 220-21 (2d Cir. 2004) ("Because we conclude that [plaintiffs'] allegations do not support the exercise of jurisdiction over the [defendants] under either § 302(a)(1) or (3), we need not address whether the exercise of personal jurisdiction in this case would comport with the requirements of due process").

systematic, it is whether that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State" (internal quotation marks omitted)). HSF is incorporated in and has its principal place of business in California. (Shipp Decl. ¶ 4.) There is no evidence before the Court, and no allegations by RLP, that HSF continuously and systematically conducts business in New York so as to render it at home in New York. To the contrary, the evidence before the Court is that HSF conducts little to no business in New York. (*See* Shipp Decl. ¶¶ 25-31 (attesting that HSF does not operate, own, or lease any office in New York and earns no income in New York).)

In the absence of general jurisdiction, the only basis for personal jurisdiction over HSF would be specific jurisdiction under New York's long arm statute. RLP argues that the Court has personal jurisdiction under two provisions of that statute: N.Y. C.P.R.L. §§ 302(a)(1) and 302(a)(3). As discussed next, neither provision's requirements are satisfied here.

**B. No Personal Jurisdiction Under N.Y. C.P.L.R. § 302(a)(1)**

Section 302(a)(1) establishes personal jurisdiction over a non-domiciliary "who in person or through an agent … transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). "To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015). Transacting business has been defined as "some act by which the defendant purposefully avails itself of the privilege of conducting activities within

the forum State." *Best Van Lines*, 490 F.3d at 246. The second element requires an "articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Id.* "A connection that is merely coincidental is insufficient to support jurisdiction." *Sole Resort, S.A. de C.V. v. Allure Resorts Management, LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (internal quotation marks omitted).

HSF does not sell any goods or services and has not derived any revenue from goods or services in New York. (Shipp Decl. ¶ 25.) HSF does not target any users, plan events, or advertise in New York, and does not own or use any real property in New York. (*Id.* ¶¶ 27-28.) It derives funds only from persons in California. (*Id.* ¶ 30.) Nonetheless, RLP contends that HSF transacts business in New York because HSF operates a website available to customers in New York and hires persons in New York to judge submissions for the AMERICAN MOSAIC JOURNALISM PRIZE (Opp. at 4-6). Although those contacts are the only ones RLP identifies to support jurisdiction under section 302(a)(1),[4] RLP identifies two additional contacts to support jurisdiction under section 302(a)(3) but which, from the Court's perspective, merit discussion in the context of Section 301(a)(1) as well: HSF's purported relationship with Columbia University and HSF's contributions to New York entities. (Opp. at 7-8.) There is one additional contact that RLP does not discuss at all: HSF's remote employee residing in New York. (Shipp Decl. ¶ 29.) In analyzing whether the Court has personal jurisdiction under sections 302(a)(1) and 302(a)(3), the Court considers all these contacts. None of them, however, whether considered separately or together, satisfy either provision.

[4] RLP also refers to HSF as "conduct[ing] business" with the Rhodium Group in New York, but Rhodium is merely one of various grantees to which HSF makes contributions, as discussed further below. (*See* Prioleau Decl. Ex. B.)

### 1. HSF's Passive Website Is Not A Basis For Personal Jurisdiction

Where a website is at issue, the jurisdictional analysis is guided by a sliding scale framework. *Best Van Lines*, 490 F.3d at 252 (applying the sliding scale framework established in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)); *Lively v. Wayfarer Studios LLC*, 810 F. Supp.3d 421, 448-49 (S.D.N.Y. 2025) (applying *Zippo* framework to analyze a website under N.Y. C.P.L.R. § 302(a)(1)); *see also Dow Jones & Co., Inc. v. Perplexity AI, Inc.*, 797 F. Supp.3d 305, 320-21 (S.D.N.Y. 2025) (same).

On one end of the spectrum, a defendant "clearly does business over the Internet" by entering into "contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet." *Best Van Lines*, 490 F.3d at 251 (quoting *Zippo*, 952 F. Supp. at 1124); *see, e.g.*, *Dow Jones & Co.*, 797 F. Supp.3d at 321 (S.D.N.Y. 2025) (deeming website sufficiently interactive where the website "enable[d] users to ask questions, receive answers, purchase … subscriptions, and learn about active job listings for positions specifically based in New York" (internal quotation marks omitted)). The other end of the spectrum includes websites where "a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions." *Best Van Lines*, 490 F.3d at 251. A website of this nature "does little more than make information available to those who are interested in it [and] is not grounds for the exercise of personal jurisdiction." *Id.*; *see, e.g.*, *Bowers v. Grupo Televisa, S.A.B.*, No. 23-CV-10870, 2025 WL 579978, at *4 (S.D.N.Y. Feb. 21, 2025) (website was deemed passive where it allowed users to view articles about hotels); *Lively*, 810 F. Supp.3d at 448 (finding no personal jurisdiction because the website was directed to a

nationwide audience and designed to convey a narrative and post documents about a lawsuit); *Shamoun v. Mushlin*, No. 12-CV-3541, 2014 WL 12776779, at *7 (S.D.N.Y. Mar. 26, 2014) (finding no personal jurisdiction for a passive website).

In the middle of the sliding-scale test are "interactive Web sites where a user can exchange information with the host computer." *Best Van Lines*, 490 F.3d at 251. In these situations, jurisdiction is determined by "examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Id.* Notably, courts within the Second Circuit have been "reluctant to find personal jurisdiction unless the website specifically targets New Yorkers," even if a defendant "clearly does business" with New Yorkers through its website. *Davey v. PK Benelux B.V.*, No. 20-CV-5726, 2022 WL 1289341, at *3 (S.D.N.Y. Apr. 29, 2022); *see also Lively*, 810 F. Supp.3d at 448 (noting plaintiff failed to allege that a website was "specifically designed to target New York residents"); *Quezada v. U.S. Wings, Inc.*, No. 20-CV-10707, 2021 WL 5827437, at *7 (S.D.N.Y. Dec. 7, 2021) ("a website's capacity to be accessed in New York cannot alone establish personal jurisdiction in the absence of any specific targeting of New York by the defendant").

HSF's President and CEO attests that HSF's website offers information about HSF and its journalism award (Shipp Decl. ¶¶ 12, 14); that HSF does not offer to buy or sell any goods or services through its website (*id.* ¶ 17); and that its website does not allow for donations (*id.*). These aspects of the HSF website are hallmarks of a passive website. *See, e.g.*, *Lively*, 810 F. Supp.3d at 448 (website that only posts information deemed passive); *Shamoun*, 2014 WL 12776779, at *7 (websites that do not sell goods or services are passive). The only exchange of information facilitated by the HSF website is that it

allows users to sign up for an e-mail list. (Shipp Decl. ¶ 18.) That feature, however, is not sufficient by itself to render a website an interactive site that provides a basis for personal jurisdiction. *See Bowers,* 2025 WL 579978, at *4 (ability to purchase magazine subscription was insufficient to deem website interactive); *DH Services, LLC v. Positive Impact, Inc.*, No. 12-CV-6153, 2014 WL 496875, at *6 (S.D.N.Y. Feb. 5, 2014) (finding that Facebook page that allowed users to indicate their attendance for an event made the website more interactive but not enough to create personal jurisdiction).

RLP presents no evidence to the contrary. Instead, it offers unsupported conclusory statements that HSF has advertised and solicited business in New York and this district "through its interactive website" and "derives revenue through donations and sales of merchandise, services, and advertisements on the website." (Opp. at 4; *see also* Compl. ¶ 6.) Such conclusory statements are insufficient to avoid dismissal for lack of jurisdiction, particularly given evidence to the contrary. *See Laufer*, 2020 WL 4735123, at *2 (dismissing in part for lack of personal jurisdiction and noting that "plaintiff may not simply rest on the allegations of the complaint" in response to defendant's affidavit); *DH Services*, 2014 WL 496875, at *12 (stating that "[c]onclusory allegations will not suffice …; plaintiff must make a 'specific averment' of facts that are 'sufficiently supported'") (quoting *Southern New England Telephone Co. v. Global NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010)).

**2. Plaintiff's Other Asserted Bases Are Insufficient To Find Personal Jurisdiction Under § 302(a)(1)**

None of HSF's other purported contacts with New York establish personal jurisdiction under § 302(a)(1) because, as explained above, HSF neither transacts any business within New York nor contracts anywhere to supply goods or services in New

York. Moreover, to the extent any of HSF's contacts with New York are deemed "transactions" or a contract to supply goods or services within the meaning of § 302(a)(1), which they are not, they do not bear the necessary nexus with RLP's claim or demonstrate that HSF purposefully availed itself of the privilege of conducting activities in New York. *See Best Van Lines*, 490 F.3d at 246 (courts "determine whether a defendant has transacted business in such a way that it constitutes purposeful activity satisfying the first part of [§ 302(a)(1)]" (internal quotation marks omitted)).

First, there is no nexus between HSF's making grants to New York entities and RLP's claim that HSF's AMERICAN MOSAIC JOURNALISM PRIZE mark infringes RLP's MOSAEC mark. *See id.* at 254 (finding no personal jurisdiction under § 302(a)(1) from solicitation of donations because there was "no articulable nexus, or a substantial relationship … between the donations and the allegedly defamatory conduct" (internal quotation marks and citation omitted)). Nothing before the Court suggests that the contributions made by HSF to any New York entity were connected with HSF's prize or its trademark. That is also true for Columbia University, which appears on the list of HSF grant recipients.[5] (*See* Prioleau Decl. Ex. B at ECF 9.) The list – submitted by RLP – of contributions made by HSF in 2023 shows grants made to 48 entities or persons, only six of which are identified with a New York address. (*See generally id.*) Notably, two of the

[5] RLP asserts in its brief that "Columbia University and its students have been part of the Plaintiff's trade channel for MOSAEC and its engagement with writers, including journalists, since MOSAEC's early days." (Opp. at 8.) RLP apparently bases that assertion on a January 21, 1999 email from someone at Columbia identifying "some of the people I know." (Prioleau Decl. Ex. C at ECF 12.) A vague, 27-year-old email is quite attenuated proof of RLP's assertion. But even if RLP's assertion were true today or any time in the recent past, it is irrelevant to the absent nexus between HSF's grants and the alleged infringement.

entries on the list are identified as having received a grant specifically for the AMERICAN MOSAIC JOURNALISM PRIZE. (*Id.* at ECF 8 (rows for Cerise N Castle and Carvell Wallace.) Neither of those persons are located in New York; rather, both have a California address. (*Id*.) In contrast, the entries for New York addresses reflect contributions "for general support." (*Id.* at ECF 8-10 (rows for Pro Publica Inc, Capital B News Inc, Trustees of Columbia University In The City of New York, Latino Justice PRLDEF, Foundation for Minority Interests, and Rhodium Group LLC).)

Second, HSF's use of judges affiliated with New York entities does not demonstrate purposeful availment. RLP has submitted a page from HSF's website identifying six judges of the 2023 AMERICAN MOSAIC JOURNALISM PRIZE and asserts that HSF's hiring of judges from New York provides a basis for personal jurisdiction over HSF. (Opp. at 6; Prioleau Decl. Ex. A.) RLP's contention is both factually and legally inapt. None of the six judges are identified as being located in New York, although one is identified as affiliated with a New-York-centric magazine. Specifically, four are identified as affiliated with national or non-New York media (i.e., NBC News, MSNBC, Our Body Politic, Washington Post); one has no affiliation and is identified instead as "author and freelance journalist"; and one is identified as author and editor of The New Yorker Magazine. (*Id*.)

Regardless, the location of the judges is entirely "inconsequential" to the bestowing of HSF's journalism prize. *See Metamorfoza, D.O.O. v. Big Funny LLC*, No. 19-CV-11743, 2021 WL 735243, at *5 (S.D.N.Y. Feb. 25, 2021) ("the customer's location was inconsequential to the transaction" and therefore not indicative of purposeful availment). Theoretically, if a prize judge asserted a claim against HSF for breach of an agreement

between HSF and the judge, there could be a sufficient nexus between the judge's claim and the activity they engaged in on behalf of HSF pursuant to their contract. *See Van Elzen v. Global Strategy Group,* LLC, No. 20-CV-3541, 2021 WL 185328, at *3 (S.D.N.Y. Jan. 19, 2021) (noting that "§ 302(a)(1) is typically invoked in breach of contract cases or cases otherwise between business partners" (internal quotation marks omitted)); *cf. Jonas*, 116 F. Supp.3d at 328 (personal jurisdiction did not exist over defendants pursuant to N.Y. C.P.L.R. § 302(a)(1) because no defendant "transacted business in New York ***in relation*** to plaintiffs' … breach of contract claim" (emphasis added)). But there is no such nexus between HSF's relationship, contractual or otherwise, with a New York judge and RLP's alleged trademark infringement claim.

Third, there is no nexus between HSF's having a remote employee in New York and the alleged infringement. The employee has no New York-specific duties (Shipp Decl. ¶ 29), and the employee's state of residence is entirely incidental to RLP's infringement claim. *See Doe v. McAdam Financial Group LLC*, No. 22-CV-113, 2022 WL 3579700, at *6 (S.D.N.Y. Aug. 3, 2022) (finding no personal jurisdiction over defendant company because a New York employee's location was "incidental to her work for the company … [and] she did not perform any work … that was directed at New York"); *R&R adopted*, 2022 WL 3578569 (S.D.N.Y. Aug. 19, 2022); *cf. Kumar v. Opera Solutions OPCO, LLC*, No. 1:20-CV-6824, 2021 WL 4442832, at *8 (S.D.N.Y. Sept. 28, 2021) (finding personal jurisdiction over defendant company in part because of substantial relationship between the remote work plaintiff alleges she undertook for defendant and her claims arising out of her termination by defendant).

In short, RLP has not demonstrated that HSF contracts to supply goods or services in New York or otherwise transacts business in New York sufficient to establish a basis for personal jurisdiction under C.P.L.R. § 302(a)(1).

### C. No Personal Jurisdiction Under NY CPLR § 302(a)(3)

Personal jurisdiction under § 302(a)(3) applies when a defendant commits a tortious act outside New York causing injury to person or property in New York, and the defendant either "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. § 302(a)(3)(i-ii); *Girl Scouts*, 102 F. App'x at 220 (internal quotation marks omitted). RLP does not satisfy either prong.

#### 1. HSF Does Not Regularly Do Business In New York Or Derive Substantial Revenue From Goods Or Services In New York

HSF's connections to New York are slight. HSF does not solicit or sell goods or services in New York; it does not solicit donations in New York; it does not own property in New York; and it does not derive any revenue from New York. (Shipp Decl. ¶¶ 25-28.) As such, HSF does not satisfy the requirements of the first prong under § 302(a)(3). *See Digital Lab Solutions, LLC v. Stickler*, No. 06-CV-6482, 2007 WL 700821, at *4 (S.D.N.Y. Mar. 7, 2007) (personal jurisdiction not found under § 302(a)(3) over a California company that did not regularly do business in New York); *Doe v. Delaware State Police*, 939 F. Supp.2d 313, 329 (S.D.N.Y. 2013) (finding no personal jurisdiction under § 302(a)(3)(i) because plaintiff did not establish that defendant "engaged in a persistent course of conduct" in New York (internal quotation marks omitted)).

As with § 302(a)(1), none of HSF's contacts with New York show otherwise. HSF's website is a passive, informational site and does not establish that HSF regularly does business in New York or derives substantial, let alone any, revenue from New York. The fact that "individuals in New York can continuously access-and, in a limited way, interact with-Defendant's website is insufficient to establish § 302(a)(3)(i) jurisdiction." *DH Services*, 2014 WL 496875, at *12

HSF's grant contributions also do not satisfy the first prong of § 302(a)(3). First, contributions made by HSF to other entities necessarily are not revenue to HSF; quite the opposite. Second, HSF's grant activity in New York is far from "persistent" as required under the rule. There is no evidence that HSF has engaged in a continuous relationship with any of the New York contribution recipients beyond making occasional contributions. *See Delaware State Police*, 939 F. Supp.2d at 330 (finding purchases from New York companies must be of a "sufficient amount and regularity" to satisfy § 302(a)(3)); *cf. Sills v. Ronald Reagan Presidential Foundation, Inc.*, No. 09-CV-1188, 2009 WL 1490852, at *6-8 (S.D.N.Y. May 27, 2009) (sustained and targeted solicitations for donations from a California non-profit to a New York resident through correspondence sent from out of state and in person meetings over multiple years was sufficient to support a finding of jurisdiction through the "ongoing and substantial" relationship defendant built with plaintiff).

Similarly, HSF does not derive revenue from the judges of its journalism prize, and the fact that one or more judges may be affiliated with entities associated with or even located in New York hardly demonstrates that HSF regularly does business in New York.

(Shipp Decl. ¶¶ 25-26.) Lastly, HSF's lone New York employee does not demonstrate that HSF regularly conducts business in New York.

**2. HSF Did Not Reasonably Expect To Have Consequences In New York And Does Not Derive Any Revenue From Interstate Commerce**

Jurisdiction over HSF is also absent under the second prong of § 302(a)(3), which itself has two requirements: reasonable expectation of consequences in New York and revenue from interstate or international commerce. N.Y. C.P.L.R. § 302(a)(3)(ii). Neither requirement is present here.

First, HSF had no expectation, reasonable or otherwise, that its issuance of the AMERICAN MOSAIC JOURNALISM PRIZE would have consequences in New York specifically. To satisfy the expectation element, courts require there to be "tangible manifestations of a defendant's intent to target New York, or … concrete facts known to the nondomiciliary that should have alerted it to the possibility of being brought before a court in the Southern District of New York." *Royalty Network Inc. v. Dishant.com, LLC*, 638 F. Supp.2d 410, 424 (S.D.N.Y. 2009) (internal quotation marks omitted). In trademark infringement cases, courts consider whether the defendant made "discernible effort to directly or indirectly serve the New York market." *DH Services*, 2014 WL 496875, at *13 (quoting *Capitol Records, LLC v. VideoEgg, Inc.*, 611 F. Supp.2d 349, 363 (S.D.N.Y. 2009)).

RLP has provided nothing beyond conclusory allegations to show that HSF made a discernible effort to serve the New York market. HSF's website is accessible by New York residents, but HSF does not advertise to or target users in New York. (Shipp Decl. ¶ 27.) Although HSF has made contributions to entities in New York, HSF does so to entities and persons in many other states as well. (*See* Prioleau Ex. B (showing that in

2023 HSF made contributions to entities in 13 different states).) There is no evidence that HSF bestowed grants to entities based on their location. And HSF's lone remote employee in New York has no duties that involve any New York-specific outreach, fundraising, or programmatic activity on behalf of the foundation. (Shipp Decl. ¶ 29.) RLP has presented no contrary evidence. There thus is no basis to conclude that HSF reasonably could have expected to face consequences in New York from awarding its journalism prize.

Second, the revenue requirement is entirely absent. As noted above, HSF does not derive any revenue from goods or services. (*Id.* ¶ 25.)

In sum, when considered in the context of the unrebutted evidence before the Court, RLP's conclusory allegations of personal jurisdiction do not satisfy either N.Y. C.P.L.R. §§ 302(a)(1) or (3). The Court does not have personal jurisdiction over HSF, and the case should be dismissed, without prejudice. *See Lin*, 2025 WL 949573, at *1 (dismissing without prejudice based on lack of personal jurisdiction); *Villalobos v. Telemundo Network Group LLC*, No. 22-CV-7665, 2024 WL 5008980, at *7 (S.D.N.Y. Dec. 6, 2024) (same).

**D. Leave to Amend Should Be Denied**

RLP has requested leave to amend in the event the Court grants HSF's motion. (Opp. at 20-21.) Although the decision to grant or deny leave to amend is within the trial court's discretion, *Allianz Global Investors GmbH v. Bank of America Corp.*, 473 F. Supp.3d 361, 364 (S.D.N.Y. 2020), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be granted, however, in instances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Further, "[a] plaintiff need not be given leave to amend if it fails to specify … how amendment would cure the pleading deficiencies in its complaint." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014); *see also Bassaw v. United Industries Corp.*, 482 F. Supp.3d 80, 89 (S.D.N.Y. 2020) (leave to amend may not be warranted when a plaintiff fails to identify "any additional facts that could cure the defect").

RLP has not identified any additional facts that would establish personal jurisdiction over HFS. Nor did RLP provide any evidence in opposition to the Shipp Declaration that would warrant further factual exploration. There is no basis to believe that RLP can cure the jurisdictional deficiency. Moreover, because the case will be dismissed without prejudice, RLP may refile its case in California where HSF is subject to personal jurisdiction. Accordingly, leave to amend is not warranted. *See Sojka v. Mudge*, No. 23-CV-3741, 2025 WL 2211705, at *13 (S.D.N.Y. July 1, 2025) (dismissing without leave to amend because there was "no basis to conclude that Plaintiff could add allegations showing that Defendant's relationship with this jurisdiction is such that the Court properly could exercise personal jurisdiction"); *Shenzhen OKT Lighting Co. v. JLC-Tech LLC*, No. 20-CV-5062, 2021 WL 4443637, at *11 (S.D.N.Y. Sept. 28, 2021) (dismissing without leave to amend because plaintiff "has not sufficiently alleged facts supporting the existence of personal jurisdiction over" defendant).

## Conclusion

For the foregoing reasons, I recommend the motion be granted and the case dismissed without prejudice and without leave to replead. To the extent not discussed herein, the Court has considered all of RLP's arguments and determined them to be either moot or without merit.

## Deadline For Filing Objections And Preserving Appeal

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Any party shall have fourteen (14) days to file a written response to the other party's objections. Any such objections and responses shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Vernon S. Broderick, United States Courthouse, 40 Foley Square, New York, New York 10007, and to the Chambers of the undersigned, at United States Courthouse, 500 Pearl Street, New York, New York 10007. Any request for an extension of time for filing objections must be addressed to Judge Broderick. **Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review.**

Respectfully submitted,

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 31, 2026
New York, New York

Copies transmitted to all counsel of record.